IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Bayan Aleksey, #5059,  )  | |
| ) | Civil Action No. 5:14-3016-JMC-KDW |
| Petitioner,   ) | |
| ) | |
| v.    ) | **ORDER** |
| ) | |
| Bryan Stirling, Commissioner,  ) | |
| South Carolina Department of  ) | |
| Corrections,    ) | |
| ) | |
| Respondent.   ) | |
| ) | |

This matter is before the court on Petitioner, Bayan Aleksey's, Motion to Stay Proceedings Pending Exhaustion of State Remedies or, in the alternative, Motion for Leave to File Supporting Memorandum of Law in 90 Days ( "Motion to Stay"). ECF No. 76. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. The undersigned has carefully considered the parties' submissions and now *grants* Petitioner's Motion to Stay.

Background

Petitioner was convicted of capital murder and sentenced to death in the Orangeburg County, South Carolina, Court of General Sessions in September 1998. Petitioner timely appealed his conviction, and the South Carolina Supreme Court affirmed. *State v. Aleksey*, 538 S.E.2d 248 (S.C. 2000). Petitioner then sought post-conviction relief ("PCR") pursuant to South Carolina Code § 17-27-160. After briefing and an evidentiary hearing, the trial court denied Petitioner's third amended PCR application on February 4, 2010. The South Carolina Supreme Court affirmed the trial court's denial on May 22, 2014, and denied rehearing on June 25, 2014.

On June 9, 2015, Petitioner filed a Petition for writ of habeas corpus in this court, asserting 19 grounds for relief. Petition, ECF No. 75. Of those 19 grounds, 10 were not presented to the state court during PCR proceedings. Those 10 unexhausted grounds are now the subject of a second PCR application, filed in state court contemporaneously with Petitioner's federal habeas Petition. A copy of the second PCR Application is found at ECF No. 75-16. *Aleksey v. State*, 2015-CP-38-764 (Orangeburg Cnty. Ct. of Common Pleas).

## Discussion

In his Motion to Stay, Petitioner asserts that this court should stay his mixed petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a federal court has discretion to stay a mixed petition[1] to allow a petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. However, because staying a petition "frustrates AEDPA's objective of encouraging finality" and "decreas[es] a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," stay and abeyance is only appropriate when: (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner demonstrates that he has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-79.

Petitioner argues that *Rhines* is satisfied because Petitioner has shown good cause for his failure to raise the unexhausted grounds in his Petition based on the ineffective assistance of his post-conviction counsel. Petitioner also contends that the unexhausted grounds are not plainly meritless and that he has not engaged in dilatory litigation tactics. Pet'r's Mot. 7-11. Respondent asserts, however, that the Petition is not a mixed petition because all of Petitioner's unexhausted

---

[1] A "mixed petition" is one that contains both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 272.

claims are procedurally defaulted. Resp. 5-14, ECF No. 78. In addition, Respondent contends that Petitioner has not shown good cause or that his claims are not plainly meritless, and that Petitioner's Motion to Stay is a dilatory litigation tactic. *Id.* at 14-17.

Respondent asserts that the Petition in this case is not mixed because, although it contains both exhausted and unexhausted claims, the unexhausted claims are procedurally defaulted, leaving Petitioner without available state court remedies.[2] The court has considered this argument, but, given the status of Petitioner's contemporaneous PCR application, the court cannot find that the state court remedies are unavailable. Moreover, the determination regarding the viability of Petitioner's claims should be made by the state court in the pending PCR action, not by this court. *See, e.g.*, *Staton v. McCall*, C/A No. 5:12-cv-02483-GRA, 2013 WL 3551546, at *4 (D.S.C. July 11, 2013) ("Moreover, with regard to any questions about whether Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there.").

With respect to the *Rhines* factors, the Supreme Court has not yet defined good cause. Citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), Petitioner suggests that the standard is not a particularly demanding one. *Pace* addressed, in dicta, whether a state PCR petition denied as untimely would qualify as "properly filed" under the federal habeas tolling statute, 28 U.S.C. § 2244(d)(2). *Id.* at 410. In considering a situation in which a petitioner is pursuing a state post-conviction matter about which the petitioner has "reasonable confusion" as to whether it is timely filed, the Supreme Court suggested filing a protective federal habeas petition and seeking a *Rhines* stay, noting that a "petitioner's reasonable confusion about whether a state filing would

---

[2] Nonetheless, Respondent acknowledges the possibility that Petitioner's intellectual-disability claim may be properly raised in state court. Resp. 7-8.

be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* at 416. While *Pace* does not address circumstances involving a mixed petition, the *Pace* decision does indicate that "reasonable confusion" about the timeliness of the filing in state court ordinarily would be "good cause" for failure to exhaust.

Petitioner argues that his original PCR counsel were ineffective in failing to raise the unexhausted grounds and that Petitioner's good faith reliance on his counsel is equivalent to the "reasonable confusion" deemed sufficient good cause in *Pace*. Pet'r's Mot. 4. After full consideration of Petitioner's argument, including declarations from Petitioner's PCR counsel attached to the Petition, *see, e.g.,* ECF Nos. 75-3, 75-4, the court finds that Petitioner has shown good cause.

Respondent's arguments that Petitioner's claims are plainly meritless and that Petitioner has engaged in dilatory litigation tactics are based on the court finding that Petitioner's claims are procedurally defaulted and not subject to review in state court. *See* Resp. 6-9. However, as noted above, this court cannot definitively say that Petitioner's pending PCR application is not subject to review. In addition, the court has reviewed Petitioner's unexhausted claims and finds several potentially meritorious. Further, the court finds no indication that Petitioner has engaged in dilatory litigation tactics.

## Conclusion

Based on the foregoing, Petitioner's Motion to Stay, ECF No. 76, is *granted*. No later than **February 19, 2016**, the parties are directed to file a joint status report advising the court of the status of the pending PCR application. Subsequently, the parties are to submit a joint status report **every six months**. Further, the parties shall notify the court within five days of the state PCR court's ruling on Petitioner's pending PCR application and shall advise the court of the

4

outcome of the PCR action.  The status of the stay and a briefing schedule will be addressed at that time.

        IT IS SO ORDERED.

August 19, 2015                                          Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge